## HILLA v GROSS

1. NEGLIGENCE—BUILDING CONTRACTORS—DEFENSES—"ACCEPTED-WORK" DOCTRINE.

A building contractor may be liable for his negligent work, subject to the usual requirements of proof in tort litigation as to negligence and proximate cause, even after the work has been completed and accepted because the "accepted-work" doctrine is no longer recognized in Michigan.

2. NEGLIGENCE—BUILDING CONTRACTORS—DEFENSES—OWNER'S DISCOVERY OF DANGEROUS CONDITION.

Inaction by a building owner upon discovery of a dangerous condition occasioned by the negligent construction of a building does not generally terminate the liability of the building contractor, but rather adds the owner as another possible tortfeasor.

3. TRIAL—INSTRUCTIONS TO JURY—REQUESTS TO CHARGE—INACCURATE STATEMENT OF LAW.

The trial court did not err in refusing to give an instruction which incorrectly stated the law.

4. DAMAGES—INCONSISTENT VERDICTS—DERIVATIVE CLAIMS—LOSS OF CONSORTIUM.

The trial court did not err in refusing to grant a defendant a new trial on the ground that inconsistent verdicts were rendered where a jury awarded damages to a husband for personal injuries sustained as a result of the defendant's negligence, but awarded nothing on his wife's claim for loss of consortium, since a principal claim for personal injuries is not contingent upon a derivative claim for loss of consortium, and the verdicts were therefore not inconsistent, the question whether damages were suffered by the wife being for the jury, who were free to disbelieve the testimony.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur 2d, Negligence § 476.
[3] 57 Am Jur 2d, Negligence §§ 7, 8.
[4] 22 Am Jur 2d, Damages § 366.

Appeal from Presque Isle, Philip J. Glennie, J. Submitted Division 3 June 9, 1972, at Detroit. (Docket No. 11778.) Decided November 27, 1972.

Complaint by Leo Hilla and his wife against Erwin J. Gross and George Patzer for damages for personal injuries sustained by Leo Hilla when a building structure collapsed. Verdict and judgment for plaintiff Leo Hilla against defendant Erwin Gross. Defendant Gross appeals. Affirmed.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian* (by *William H. Goodman* and *James A. Tuck),* for plaintiffs.

*Michael N. Freel,* for defendant Erwin J. Gross.

*Henry, Knapp, Boyce & Yahne,* for defendant George Patzer.

Before: J. H. GILLIS, P. J., and McGREGOR and BORRADAILE,* JJ.

J. H. GILLIS, P. J. Plaintiffs sued George Patzer as owner and Erwin J. Gross as builder for damages sustained when the sun deck at Patzer's cottage fell on plaintiff Leo Hilla.

The jury returned a verdict of $75,000 in favor of Leo Hilla and against defendant Gross; "zero" damages to Mrs. Hilla on her derivative action for loss of consortium; and no cause of action in favor of defendant Patzer.

Defendant Gross, in building the sun deck, had substituted aluminum support columns for the steel columns specified in the original plans. Mr. Patzer had no knowledge of the substitution. Ap-

---

* Former circuit judge and now probate judge, sitting on the Court of Appeals by assignment.

proximately 2-1/2 years after completion, owner Patzer decided to have a social gathering at the cottage. He and a Mr. Lamb went onto the sun deck to shovel snow while plaintiff Hilla worked below. The sun deck collapsed, causing Mr. Hilla's injuries. Mr. Patzer testified that several weeks before the accident, he noticed that the support columns were slightly bowed from the weight of ice and snow. He had no fear, however, that the sun deck would collapse, and would not have climbed up on it had he thought there was any danger.

On appeal, defendant Gross raises two allegations of error.

First, he contends that the trial judge erred in refusing to give his requested instruction to the effect that if owner Patzer had discovered or should have discovered the dangerous condition of the sun deck, "then as a matter of law Erwin Gross cannot be liable to the plaintiffs Hilla".

Defendant Gross apparently labors under the delusion that Michigan still adheres to the "accepted-work" doctrine. Under that theory, a contractor is absolved from all liability for his own negligence once his work has been completed and accepted by the contractee.

That this is no longer the law in Michigan was clearly stated in *Kapalczynski v Globe Construction Co,* 19 Mich App 396 (1969); cited for that precise proposition in *Hargis v Dearborn Heights,* 34 Mich App 594, 601–602 (1971).

The consequence is that the contractor continues to be liable for his negligent work subject to the usual requirements of proof in tort litigation as to negligence and proximate cause.

"[T]he failure of an owner to inspect or to act to

prevent harm after discovering that work has been done improperly is not necessarily a superseding cause. Such a failure of an owner subjects him to a liability which is concurrent with that of the contractor, but does not, as a matter of law, absolve the contractor of his negligence." *Kapalczynski, supra,* p 404, paraphrasing with approval the holding by the New Mexico Supreme Court in *Baker v Fryar,* 77 NM 257; 421 P2d 784 (1966).

Indeed, it is the rare case where the owner's failure will absolve the contractor of his negligence. It is illogical to thus terminate the possibility of liability of the person basically at fault. The subsequent inaction of the owner simply adds him as another possible tortfeasor. See *Totten v Gruzen,* 52 NJ 202, 211; 245 A2d 1, 6 (1968); 2 Restatement of Torts, 2d, § 452, pp 486–490.

It is for the jury to determine, then, under proper instructions, the question of negligence and proximate cause as to each defendant.

In the case before us, the trial judge instructed the jury generally as to the meanings of these and other pertinent terms, as to the duty of each of the defendants to the plaintiffs, and as to contributory negligence. In other words, he instructed the jury as to the essential elements of the case. The trial judge is not required to give a requested instruction which is an incorrect statement of the law. *Landon v Shepherd,* 353 Mich 500 (1958); *Elias v Hess,* 327 Mich 323 (1950); *Moss v Shreve,* 278 Mich 665 (1937). Therefore, it was not error for the trial judge to refuse to give defendant's requested instruction which incorrectly stated the law as to a contractor's liability in Michigan.

Defendant's second contention is that by awarding damages to Leo Hilla for his personal injuries, but awarding nothing to Mrs. Hilla on her derivative claim for loss of consortium, the jury rendered

inconsistent verdicts and a new trial as to all parties and issues is required. He cites *Bias v Ausbury,* 369 Mich 378 (1963), as authority for this proposition. In the *Bias* case, the jury found no cause of action on the principal claim, and awarded damages for the derivative claim. Those verdicts were clearly inconsistent, because an action for loss of consortium is contingent upon the injured person's recovery of damages. The converse is not true, and the *Bias* case is inapposite in the context of the instant case, where the injured person recovered damages, but none were awarded for the derivative claim.

The rest of defendant's authorities are cases which consider the adequacy of verdicts for injured parties. All of those appeals were, as might be expected, brought by aggrieved plaintiffs. Defendant has not shown himself prejudiced by the allegedly inadequate verdict awarded Mrs. Hilla, nor why said inadequate verdict should require a new trial as to all parties and issues, instead of merely as to Mrs. Hilla's damages.

In any case, the question whether Mrs. Hilla had suffered any damages was for the jury. They were free to disbelieve her testimony. The verdicts were not, therefore, inconsistent, and they will not be disturbed on appeal.

Affirmed. Costs to appellees.

All concurred.