HANKINS v ELRO CORPORATION

Docket No. 81901. Submitted December 12, 1985, at Detroit.—Decided February 4, 1986.

Plaintiffs, Gerald Hankins, as next friend of Susan Hankins, a minor, and Gerald Hankins and Gladys Hankins, brought an action in the Macomb Circuit Court for damages for injuries incurred by Susan Hankins as a result of an alleged defect in a street. Named as defendants were Elro Corporation, the developer of the subdivision in which the street was located, Municipal Consultant Service, Inc., the engineer of the subdivision project, John Carlo, Inc., the subcontractor who paved the street, and the City of Sterling Heights, which was responsible for maintenance of the street. Defendant Elro moved for summary judgment averring that the street had been dedicated to the city, that the city had acknowledged acceptance of the street, and that the responsibility to maintain the street became the city's after that point in time. The trial court, Raymond R. Cashen, J., ruled in Elro's favor, finding that, if the defect was apparent, it was the city's obligation to repair it. Plaintiffs appeal from the order entered on the ruling. *Held:*

1. Elro's motion for summary judgment under GCR 1963, 117.2(3) would have been more properly brought under GCR 1963, 117.2(1) since it raised only a legal issue. Therefore, the Court of Appeals analyzed the issue under the standard of review applicable to a motion under GCR 1963, 117.2(1).

2. Elro's motion for summary judgment, although brought under GCR 1963, 117.2(3), raised only a legal issue and could therefore have been granted only if plaintiffs failed to state a

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 8, 202-204, 208.

Am Jur 2d, Municipal, School and State Tort Liability §§ 2, 37, 93, 162.

Am Jur 2d, Pleading §§ 71 *et seq.,* 226, 230.

Liability of governmental entity or public officer for personal injury or damage arising out of vehicular accident due to negligent or defective design of a highway. 45 ALR3d 875.

Construction contractor's liability to contractee for defects or insufficiency of work attributable to the latter's plans and specifications. 6 ALR3d 1394.

claim upon which relief can be granted. The Court of Appeals concluded that, even though there are no facts at this stage of the proceedings from which it can assume that Elro was negligent, it cannot conclude that a factual development is impossible. Therefore, plaintiffs have adequately stated a claim upon which relief can be granted, and Elro's motion should have been denied.

3. A contractor may be held liable for injuries to third parties resulting from defects in construction of a street after the street has been dedicated to a city and the city has assumed full responsibility for repair and maintenance.

Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that the plaintiff has failed to state a claim upon which relief can be granted is to be tested by the pleadings alone; the motion tests only the legal, not the factual, sufficiency of the pleadings; the motion should be denied unless, taking all well-pleaded allegations as true, the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. MUNICIPAL CORPORATIONS — STREETS — TORTS — CONTRACTORS.

A contractor may be held liable for injuries to third parties resulting from defects in construction of a street after the street has been dedicated to a city and the city has assumed full responsibility for repair and maintenance.

3. MUNICIPAL CORPORATIONS — SUBDIVISION CONTROL ACT OF 1967 — DEDICATION OF LAND — TORTS — CONTRACTORS.

The Subdivision Control Act of 1967 outlines the procedure for dedicating subdivision lands to municipalities; the municipality has total control of the lands after the dedication; the act contains no section relieving developers from liability for personal injury which results from the developers' defective construction and which occurs after dedication (MCL 560.101 *et seq.*; MSA 26.430[101] *et seq.*).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Janet M. Tooley*), for plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Daniel L. Garan*), for defendant Elro Corporation.

Before: Danhof, C.J., and J. H. Gillis and M. Warshawsky,* JJ.

Per Curiam. Plaintiffs appeal as of right from an order of the circuit court granting the motion for summary judgment brought by defendant Elro Corporation. Plaintiffs sought damages for personal injuries incurred by plaintiff Susan Hankins, which allegedly resulted when the bicycle Susan was riding struck a defect in a street and she was thrown onto the pavement. Defendant Elro Corporation was the contractor/developer of the subdivision through which the street ran.

On September 24, 1983, Susan Hankins was riding "double" with a friend on a bicycle. Susan was sitting on the seat and her friend was standing up while pedaling. As they were riding on University Drive in Sterling Heights, approaching the intersection of Heyden Court, a wheel of the bicycle became wedged in a defect in the street and Susan was thrown to the pavement. Three of her front teeth were shattered and a hole was punctured in her chin. She also received numerous other facial cuts and abrasions as a result of the fall. The defect was described as "like two pieces of cement and then there was like a gap where there was nothing between it". The gap ran "from curb to curb" and was about 1½ to 2 inches wide.

On November 21, 1983, suit was brought against Elro, the developer of the subdivision in which the street was located, Municipal Consultant Service, Inc., the engineer of the subdivision project, John Carlo, Inc., the subcontractor who paved the streets, and the City of Sterling Heights, which was responsible for maintenance of the streets, alleging that each had breached various duties of care as to design, development, construction and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

repair. Susan Hankins sought damages for pain and suffering, while Susan's parents sought damages for the medical expenses incurred.

On October 2, 1984, Elro moved for summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), averring that the street had been dedicated to the City of Sterling Heights, that the city had acknowledged acceptance of the street on October 31, 1977, and that the responsibility to maintain the street became the city's after that point in time. A hearing was held on October 15, 1984, at which counsel for defendant Elro argued that, after acceptance of the dedication of the street, Elro owned no further duty to any other party in connection with the street. Plaintiffs responded that Elro was not being sued as the current owner of the subdivision nor as the party responsible for its current maintenance. Rather, plaintiffs' theory was that Elro had failed to hire competent subcontractors to do the work and that Elro had failed to supervise and inspect the work while it was in progress. Plaintiffs also stated that the defect appeared to have been caused by the failure of the subcontractor to use proper metal connecting devices between the sections of concrete. At the conclusion of the hearing, the trial court ruled in defendant Elro's favor, finding that, if the crack was apparent, it was the city's obligation to repair it. An order was entered on the ruling November 13, 1984.

Although defendant Elro's motion for summary judgment purported to rely upon GCR 1963, 117.2(3), that no genuine issue existed as to any material fact and the moving party therefore was entitled to judgment as a matter of law, Elro's trial level and appellate briefs and its oral argument before the trial court were based upon the theory that Elro ceased to be liable for any con-

struction defects in the street once dedication to the city was completed. We believe that this argument does not test the factual support for plaintiffs' claim, but rather attacks its legal sufficiency. Thus, Elro's motion would have been more properly brought under GCR 1963, 117.2(1). Since we believe that neither party was misled, we will analyze this issue under the following standard of review:

"'In reviewing a grant of summary judgment under GCR 1963, 117.2(1), the motion is tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). Because the motion tests only the legal and not the factual sufficiency of the pleadings, *Grasser v Fleming,* 74 Mich App 338, 342; 253 NW2d 757 (1977), all well-pleaded allegations must be taken as true. *Tash v Houston,* 74 Mich App 566; 254 NW2d 579 (1977), *lv den* 401 Mich 822 (1977). The motion should be denied unless the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Koenig v Van Reken,* 89 Mich App 102, 104; 279 NW2d 590 (1979); *Merit Electric Co, Inc v J Boyle, Inc,* 77 Mich App 503; 258 NW2d 539 (1977).'" *Charter Twp of Harrison v Calisi,* 121 Mich App 777, 781-782; 329 NW2d 488 (1982), quoting *Allinger v Kell,* 102 Mich App 798, 806-807; 302 NW2d 576 (1981), *modified* 411 Mich 1053; 309 NW2d 547 (1981).

The issue presented through this appeal, as we see it, is whether a contractor may be held liable for injuries to third parties resulting from defects in construction of a street after the street has been dedicated to a city and the city has assumed full responsibility for repair and maintenance. In support of its position, Elro cites several sections of the Subdivision Control Act of 1967, MCL 560.101 *et seq.;* MSA 26.430(101) *et seq.,* outlining the procedure for dedicating subdivision lands to mu-

nicipalities. While it is apparent that after the dedication the municipality has total control of the dedicated lands, this act contains no section relieving developers from liability for personal injury which results from the developers' defective construction and which occurs after dedication.

Elro also relies upon *Benton Harbor Malleable Industries, Inc v Pearson Construction Co,* 348 Mich 471; 83 NW2d 429 (1957). In that case, an employee of plaintiff therein was injured when a sandhopper fell 12 months after the hopper had been installed by defendant therein. The plaintiff, the company which owned the hopper, brought suit as subrogee of the injured employee. The Supreme Court affirmed a directed verdict in favor of defendant. In affirming the trial court's decision, the Supreme Court found that the plaintiff had been negligent in failing to inspect the sandhopper during the 12 months that it had been in its possession and relied upon the "accepted work" doctrine to hold that plaintiff's negligence in failing to inspect was a superseding cause of the injury. The "accepted work" doctrine relieves an independent contractor from liability for injuries to third parties where the contractor has completed the work and turned it over to the contractee. 348 Mich 479. In reaching its decision, the Court quoted and relied upon 13 ALR2d 191, 207-208, which explains one of the bases of the rule:

"It is the intervening negligence of the proprietor that is the proximate cause of the injury resulting from the contractor's work, after acceptance thereof by the owner, and not the original negligence of the contractor. By occupying and resuming possession of the work the owner deprives the contractor of all opportunity to rectify his wrong."

The doctrine is also based in part on the theory

that there is no privity between the contractor and the third party. 13 ALR2d 196, 201, 202.

In *Kapalczynski v Globe Construction Co,* 19 Mich App 396; 172 NW2d 852 (1969), this Court examined the vitality of the "accepted work" doctrine and, despite *Malleable Industries,* concluded that it is not the law in Michigan. In reaching its conclusion, the *Kapalczynski* Court relied heavily upon the Supreme Court's decision in *Spence v Three Rivers Builders & Masonry Supply, Inc,* 353 Mich 120; 90 NW2d 873 (1958), stating:

"The leading case in Michigan (and a leading case in the law nationally) is *Spence v Three Rivers Builders & Masonry Supply, Inc,* 353 Mich 120; 90 NW2d 873 (1958), where a manufacturer of cinder building blocks was held accountable for property damage caused by defective blocks which had been used in the construction of the plaintiff's home. The Court viewed the question before it to be (p 128) 'whether we are going to continue to be hobbled by such an obsolete rule [privity] and its swarming progeny of exceptions.' The Court abandoned the privity requirement after a thorough résumé of its complex history and a review of the historic decision in *MacPherson v Buick Motor Co,* 217 NY 382; 111 NE 1050 (1916)." 19 Mich App 399.

The Court distinguished *Malleable Industries* on several grounds. First, the plaintiff in *Malleable Industries, supra,* p 479, conceded that the "accepted work" doctrine applied and relied on an exception to the rule. Since the "accepted work" doctrine was conceded as the general rule, the question whether the doctrine was part of Michigan's jurisprudence was assumed and not decided in *Malleable Industries.* Second, the Court found that the precedential value of *Malleable Industries* had been undermined because two of the non-Michigan cases it cited had been overruled. Third,

the doctrine had been overwhelmingly rejected by other jurisdictions. 19 Mich App 402-403.

The *Kapalczynski* Court also attempted to moderate the Supreme Court's holding:

"We are persuaded that *[Malleable Industries]* should not be read as holding as a matter of law that a contractor's negligence is never the cause of the injury when the owner has had an opportunity to inspect and failed to do so.

"Causation is generally a question of fact, not of law. Rarely will the fact that the plaintiff's loss is caused by the concurrent negligence of two tortfeasors be held as a matter of law to relieve one of them of liability because the negligence of the other intervened. See *Strandholm v General Construction Co,* 235 Or 145; 382 P2d 843 (1963); 2 Restatement of Torts 2d, § 452, p 486." 19 Mich App 401, fn 5.

Later, the *Kapalczynski* Court quoted from *Strakos v Gehring,* 360 SW2d 787, 790 (Tex, 1962):

"Our rejection of the 'accepted work' doctrine is not an imposition of absolute liability on contractors. * * * The effect or our holding is to bring [the contractor] within the general rules of tort litigation, where the jury will resolve the basic questions of negligence and proximate cause, subject to the usual guidance and review by the trial and appellate courts." 19 Mich App 404.

The Court also cited *Baker v Fryar,* 77 NM 257; 421 P2d 784 (1966), for the proposition that the failure of an owner to inspect or to act to prevent harm after discovering that work has been done improperly is not necessarily a superseding cause: "Such a failure of an owner subjects him to a liability which is concurrent with that of the contractor, but does not, as a matter of law, absolve the contractor of his negligence." 19 Mich App 404.

The rationale of *Kapalczynski* was followed in *Hargis v Dearborn Heights,* 34 Mich App 594; 192 NW2d 44 (1971). In *Hargis,* the county road commission defended against a claim that it had negligently designed a bridge by arguing, much as Elro now argues, that it was relieved from responsibility because it had transferred jurisdiction over the bridge to the City of Dearborn Heights. This Court responded:

"Nor does the transfer of jurisdiction of the bridge relieve the country from liability for the consequences of its negligent acts of commission or omission before the transfer of jurisdiction. In declaring that the county 'shall be relieved of responsibility' for the bridge upon relinquishing jurisdiction, the Legislature focused on the continuing responsibility to keep the bridge in repair, reasonably safe, and convenient for public travel. It was not intended thereby to relieve the county of responsibility for damages suffered after the transfer of jurisdiction that were caused by a lapse in the performance of the county's statutory duty which occurred before jurisdiction was relinquished. Whether Jerry Hargis' death was caused by the negligence of the county or of the city, or of both, or neither was a jury question. In resolving the causation question the time interval between the transfer of jurisdiction and the accident was factor to be considered, but the passage of time did not necessarily break the chain of causation." 34 Mich App 601.

Recently, this Court in *Feaster v Hous,* 137 Mich App 783, 789; 359 NW2d 219 (1984), reiterated that mere acceptance of work does not relieve the contractor of liability for work negligently performed:

"It is the general rule in Michigan that a contractor is not insulated from liability for forseeable harm to third persons resulting from the contractor's negligent performance of a completed contract. A third party who

is injured after the contractee or owner accepts the negligently done work may maintain an action against the contractor even though a length of time has elapsed between the contractor's work and the injury. The lapse of time is one factor to be considered by a trier of fact in deciding whether the contractor's original negligence was the cause of the party's injury."

*Kapalczynski* has also been followed in *Hilla v Gross,* 43 Mich App 648, 650-651; 204 NW2d 712 (1972); *Wilhelm v Detroit Edison Co,* 56 Mich App 116, 155-156; 224 NW2d 289 (1974); *Robertson v Swindell-Dressler Co,* 82 Mich App 382, 388; 267 NW2d 131 (1978). In contrast, *Malleable Industries* appears to have been given a "silent burial". No reported decision of this state has relied upon it as authority or even cited it since this Court's decision in *Kapalczynski.*

Despite the clear authority of *Kapalczynski,* Elro asserts that the instant case is distinguishable because in *Kapalczynski* the Court began its analysis by *assuming* that the contractor was negligent. Elro argues further that in the instant case there are no facts which allow this Court to assume Elro was negligent. As previously noted, defendant Elro's motion for summary judgment, although brought under GCR 1963, 117.2(3), raised only a legal issue and could therefore have been granted only if plaintiffs failed to state a claim upon which relief can be granted. Thus, even though there are no facts at this stage of the proceedings from which we can assume that Elro was negligent, we cannot conclude that such a factual development is impossible. Therefore, plaintiffs have adequately stated a claim upon which relief can be granted, and defendant Elro's motion should have been denied.

Reversed and remanded for proceedings not inconsistent with this opinion.