HOFMANN v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 94401. Submitted May 13, 1987, at Detroit. Decided August 18, 1987. Leave to appeal applied for.

John Hofmann and Richard Herfert, who are chiropractors, treated certain patients who were covered by health insurance policies issued by Blue Cross & Blue Shield of Michigan and no-fault automobile insurance policies issued by Auto Club Insurance Association. Hofmann and Herfert received partial payment from BCBSM and billed the balance to ACIA, which in the past had paid the amount claimed by the chiropractors but in this case refused to pay on the ground that the chiropractors' claims were for procedures and devices which they allegedly were unauthorized to perform or prescribe. Hofmann and Herfert brought an action in Wayne Circuit Court against ACIA. ACIA filed a counterclaim seeking reimbursement or restitution for payments previously made to Hofmann and Herfert on claims for payment in addition to that made by BCBSM. Hofmann and Herfert brought a motion for summary disposition of ACIA's counterclaim, which the trial court, Kaye Tertzag, J., granted. ACIA appealed.

The Court of Appeals held:

1. As held in Dean v ACIA, 139 Mich App 266 (1984), health care providers who participate in BCBSM health insurance plans may not seek additional reimbursement from no-fault insurers over and above the BCBSM reimbursement rate. Full, retroactive application of this rule must be given to advance the legislative goal of providing economical systems of health and auto insurance.

2. ACIA pled allegations in its counterclaim which, if proved, may entitle it to restitution. Thus, ACIA's counterclaim is not clearly unenforceable as a matter of law and the trial court erred in granting summary disposition of ACIA's counterclaim.

Reversed.

REFERENCES

Am Jur 2d, Equity §§ 28 et seq.; 135.

Am Jur 2d, Insurance §§ 1810 et seq.; 1495.

Right of "Blue Cross" or "Blue Shield" or similar hospital or medical service organizations to be subrogated to certificate holder claims against tortfeasor. 73 ALR3d 1140.

1. INSURANCE — NO-FAULT — COORDINATION OF BENEFITS — PHYSI-
   CIANS AND SURGEONS.

   Health care providers who participate in Blue Cross & Blue
   Shield of Michigan health insurance plans may not seek addi-
   tional reimbursement for services from no-fault insurers over
   and above the reimbursement they receive for those services
   from Blue Cross & Blue Shield.

2. EQUITY — RESTITUTION — UNJUST ENRICHMENT.

   Restitution may be imposed under the equitable theory of implied
   contract or quasi-contract to prevent the unjust enrichment of
   one party at the expense of another.

3. EQUITY — RESTITUTION — MISTAKE.

   A mistake of either law or fact in conferring benefits to a person
   will entitle a party to restitution unless it is inequitable or
   inexpedient for restitution to be granted.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by
*Marc A. Goldman* and *Patrick J. Burkett*), for
plaintiff.

*Brandt, Hanlon, Becker, Lanctot & McCutcheon*
(by *David J. Lanctot*), and *MacArthur, Cheatham,
Acker & Smith, P.C.* (by *James G. Gross*), Attor-
neys of Counsel, for defendant.

Before: R. M. MAHER, P.J., and MCDONALD and
H. E. DEMING,* JJ.

PER CURIAM. Defendant and counter-plaintiff,
Auto Club Insurance Association (ACIA), appeals as
of right from a June 13, 1986, order of the Wayne
Circuit Court granting summary disposition to
plaintiffs and counter-defendants John Hofmann,
D.C., and Richard Herfert, D.C., on ACIA's counter-
claim.

Hofmann and Herfert are chiropractors who
have treated patients with health insurance
through Blue Cross & Blue Shield of Michigan

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(BCBSM) and who are additionally entitled to no-fault insurance through ACIA. Hofmann and Herfert allegedly received partial payment for their services from BCBSM, billing the balance to ACIA. For some unspecified period of time, it was the practice of ACIA to pay the additional amounts claimed by Hofmann and Herfert.

On January 4, 1985, Hofmann and Herfert filed an action in circuit court seeking, inter alia, a declaratory judgment providing that certain procedures and devices commonly prescribed by Hofmann and Herfert were approved within the chiropractic practice in the State of Michigan.[1] ACIA had allegedly refused to pay chiropractors for the procedures and devices on the ground that chiropractors are unauthorized to perform those procedures or prescribe the devices.

On February 22, 1985, ACIA filed its counterclaim seeking, inter alia, reimbursement or restituton for payments previously made to Hofmann and Herfert on claims for payment in addition to that made by BCBSM. ACIA alleged in its counterclaim that the payments made by it to Hofmann and Herfert violated both the no-fault automobile insurance act, 1972 PA 294, MCL 500.3101 et seq.; MSA 24.13101 et seq., and the chiropractors' contracts with BCBSM as construed in *Dean v ACIA,* 139 Mich App 266; 362 NW2d 247 (1984), lv den 422 Mich 918 (1985).

Hofmann and Herfert subsequently moved for summary disposition on the counterclaim pursuant to MCR 2.116(C)(8). Hofmann and Herfert argued that ACIA was not entitled to restitution because (1) *Dean* should be applied prospectively only, (2) the payments were made under a mistake of law,

---

[1] It is conceded by both parties that summary disposition would not be dispositive of Hofmann and Herfert's claim and that claim is not addressed further in this opinion.

rendering them "voluntary," and (3) Hofmann and Herfert have changed their positions such that it would be unfair to require repayment. The circuit court granted the motion by an order dated July 15, 1986.

The sole issue on appeal is whether the trial court erred by granting summary disposition pursuant to MCR 2.116(C)(8). As we have previously held:

> A motion under this subrule tests the legal sufficiency of the pleadings alone. All well pled allegations must be taken as true. The motion should be denied unless the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Hankins v Elro Corp,* 149 Mich App 22; 386 NW2d 163 (1986). [*Dzierwa v Michigan Oil Co,* 152 Mich App 281, 288; 393 NW2d 610 (1986).]

In *Dean, supra,* 273-274, we held:

> [T]he Legislature did not intend to allow participating health care providers to seek additional reimbursement from no-fault insurers over and above the BCBSM reimbursement rate. The no-fault act was as concerned with the rising cost of health care as it was with providing an efficient system of automobile insurance. And there is little doubt that the legislation governing health care corporations (BCBSM), MCL 550.1101 *et seq.*; MSA 24.660(101) *et seq.,* had as its chief concern the affordability of health care. See generally the discussion in *Blue Cross & Blue Shield of Michigan v Insurance Comm'r,* 403 Mich 399; 270 NW2d 845 (1978). Accordingly, plaintiffs may not participate in the BCBSM health care plan and then frustrate the legislative attempt to contain health care costs by simply seeking payment on the excess from no-fault insurers.

Hofmann and Herfert have conceded that the

substantive aspect of ACIA's counterclaim is simply "*Dean* revisited." However, the procedural aspect of the counterclaim—reimbursement for claims previously paid—was not addressed in *Dean.* Thus, the initial question raised in this appeal is simply whether *Dean* should be given "retroactive" effect to allow ACIA reimbursement for claims it erroneously paid prior to *Dean.*

As explained in *King v General Motors Corp,* 136 Mich App 301, 306; 356 NW2d 626 (1984), lv den 422 Mich 871 (1985):

> The general rule is that decisions of Michigan appellate courts are to be given full retroactivity unless limited retroactivity is preferred where justified by (1) the purpose of the new rule, (2) the general reliance upon the old rule, and (3) the effect of full retroactive application of the new rule on the administration of justice. *Tebo v Havlik,* 418 Mich 350, 360-361; 343 NW2d 181 (1984); *People v Longwish,* 109 Mich App 15, 18-19; 310 NW2d 893 (1981), lv den 413 Mich 887 (1982). See also the late Justice MOODY's article entitled *Retroactive Application of Law-Changing Decisions in Michigan,* 28 Wayne L Rev 439 (1982). [Accord, *Moorhouse v Ambassador Ins Co, Inc,* 147 Mich App 412, 421; 383 NW2d 219 (1985).]

Here the purpose of the new rule, as explained in *Dean,* was to further the legislative goal of providing economical systems of health and auto insurance. That purpose can only be furthered by retroactive application of the *Dean* rule. Moreover, since *Dean* addressed an issue of first impression, there was no "old rule" upon which Hofmann and Herfert might have relied. Finally, since there was no reliance upon an overturned rule of law, we perceive of no complications or inequities which would necessarily result from full, retroactive application. Cf. *Maurer v McManus,* 161 Mich App 38; 409 NW2d 747 (1987). We can therefore only

conclude that *Dean* should be given full, retroactive application.[2]

The other arguments raised by Hofmann and Herfert merit only summary comment. Restitution may be imposed under the equitable theory of implied contract or quasi-contract to prevent the unjust enrichment of one party at the expense of another. 66 Am Jur 2d, Restitution & Implied Contracts, §§ 1-3, pp 942-946. A mistake of either law or fact will entitle a party to restitution unless it is inequitable or inexpedient for restitution to be granted. 66 Am Jur 2d, Restitution & Implied Contracts, § 13, pp 956-957. See also *Schwaderer v Huron-Clinton Metropolitan Authority,* 329 Mich 258, 271; 45 NW2d 279 (1951). We view the apparently contrary holding in *Montgomery Ward & Co v Williams,* 330 Mich 275, 285; 47 NW2d 607 (1951), as obiter dictum. A quasi-contractual obligation arises when a defendant receives a benefit from a plaintiff which is inequitable for the defendant to retain. *Colonial Village Townhouse Cooperative v City of Riverview,* 142 Mich App 474, 476; 370 NW2d 25 (1985), lv den 424 Mich 881 (1986). ACIA pled those elements in its counterclaim. Thus, to the extent that ACIA's claim is construed as one for restitution,[3] it is not so clearly unenforceable as a matter of law that no factual development could justify a right to recovery. The circuit court therefore erred in granting summary disposition pursuant to MCR 2.116(C)(8). *Dzierwa, supra.* The trial court's order of summary disposition on the counterclaim must therefore be reversed.

Reversed.

---

[2] Since the matter has not been addressed on appeal, we have not considered the effect of any statute of limitations on ACIA's counterclaim.

[3] We are not persuaded, at this juncture, that ACIA's claim is or need be one in quasi- or implied contract.