MOY v DETROIT RECEIVING HOSPITAL

Docket No. 91182. Submitted March 19, 1987, at Detroit. Decided
April 6, 1988.

On June 30, 1983, James C. Moy brought a medical malpractice
action in Wayne Circuit Court against Detroit Receiving Hospi-
tal, Harper Grace Hospital, Robert B. Stanley, M.D., and Don-
ald Devine, M.D., alleging that a tuberculin condition which he
had was not diagnosed in a timely fashion, that as a result he
was subjected to unnecessary surgery, and that he suffered
from an infection resulting in part from inadequate postopera-
tive care. Defendants answered the complaint, and discovery
proceeded. Under a local court rule, the parties were required
to submit witness lists no later than December 30, 1984;
however, plaintiff did not submit his witness list until March
19, 1985. Defendant Stanley moved to strike plaintiff's witness
list as untimely. Following a hearing, that motion was granted
by Thomas Roumell, J. Plaintiff filed with the Chief Judge of
the Wayne Circuit Court a motion to submit a late witness list
which was denied, James Mies, J. Plaintiff's motion for a
rehearing on the motion to submit a late witness list was
denied. Defendant Stanley filed a motion for summary disposi-
tion, a motion in which the remaining defendants thereafter
joined. Following a hearing on the motion, Thomas Roumell, J.,
granted summary disposition in favor of all defendants on the
basis that plaintiff would be unable to support his claim of
medical malpractice at trial because he was precluded from
calling any expert witnesses by reason of the failure to file a
timely witness list. Plaintiff appealed.

The Court of Appeals held:

1. While defendants did not designate the specific subrule

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 70, 71.
Am Jur 2d, Expert and Opinion Evidence § 19.
Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 348, 349.
Am Jur 2d, Summary Judgment §§ 12 et seq.
Necessity of expert evidence to support an action for malpractice
against a physician or surgeon. 81 ALR2d 597.
Identity of witnesses whom adverse party plans to call to testify at
civil trial, as subject of pretrial discovery. 19 ALR3d 1114.

under which their motion for summary disposition was brought, plaintiff was not misled or confused as to the fact that the basis of the motion was the inability of plaintiff to prove malpractice at trial because of the lack of expert witnesses.

2. This is not one of those exceptional cases where a lay person with common knowledge and experience would be able to determine whether defendants' conduct conformed to professional standards. Accordingly, without expert testimony, plaintiff would be unable to establish malpractice.

3. Plaintiff's claim that summary disposition was premature because the trial judge might have set aside the pretrial order and permitted plaintiff to call expert witnesses is without merit, since under the local court rules a trial judge has no authority to set aside the pretrial order.

4. The failure to file a timely witness list also precludes plaintiff from calling defendant doctors as expert witnesses.

Affirmed.

SHEPHERD, P.J., dissented. He would hold that even though the failure to file a witness list in a timely manner precludes the calling of additional experts such failure does not preclude plaintiff from calling defendant doctors as his experts. He would set aside the order of summary disposition and permit plaintiff the opportunity of attempting to establish malpractice through the testimony of defendant doctors.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — BASIS FOR MOTION.

The failure of the moving party to designate the specific subrule under which a motion for summary disposition is being brought will not mandate reversal of the grant of such motion where it is clear from the pleadings and proceedings that the opposing party was not misled or confused about the nature of the motion being brought.

2. PHYSICIANS AND SURGEONS — MALPRACTICE — EVIDENCE — EXPERT WITNESSES.

A prima facie case of medical malpractice requires proof of the applicable standard of care by expert testimony unless the malpractice committed is so apparent that an ordinary layperson with common knowledge and experience would be capable of determining whether the defendant's conduct conformed to professional standards.

3. TRIAL — PRETRIAL MOTIONS — WAYNE CIRCUIT COURT — COURT RULES.

Pursuant to a local court rule, a judge of the Wayne Circuit

Court assigned to try a civil case is without authority to set aside or vacate an order entered by the pretrial judge on a renewed motion.

4. Witnesses — Expert Witnesses — Malpractice — Witness Lists.
   A defendant doctor in a medical malpractice action may not be called by plaintiff as an expert witness where the plaintiff has failed to file a timely witness list on which such defendant was listed as required by a local court rule.

*Stephen J. Remski,* for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kinney, P.C.* (by *Susan Healy Zitterman*), for defendant hospitals.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec*), for defendant Stanley.

*Coticchio, Zotter, Sullivan, Molter, Skupin & Turner, P.C.* (by *G. W. Coticchio*), for defendant Levine.

Before: Shepherd, P.J., and J. H. Gillis and S. J. Latreille,* JJ.

S. J. Latreille, J. Plaintiff appeals as of right from an order of summary disposition entered February 24, 1986, dismissing his medical malpractice claims against defendants Detroit Receiving Hospital, Harper Grace Hospital, Dr. Robert B. Stanley and Dr. Donald Levine. We affirm.

This case arises out of the care and treatment provided plaintiff in 1981 for a condition which was eventually diagnosed as tuberculosis. On June 29, 1981, plaintiff reported to the emergency room of Detroit Receiving Hospital, complaining of pain and swelling in his neck. He was released the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

following day with a diagnosis of soft-tissue swelling of the neck and anterior cervical lymphadenopathy and was instructed to report to the hospital's ears, nose and throat clinic. Sometime between June 30, 1981, and July 7, 1981, plaintiff contacted the clinic and was examined by defendant Robert Stanley, an ears, nose and throat specialist.

Dr. Stanley admitted plaintiff to Detroit Receiving Hospital on July 8, 1981. Various tests and examinations were performed, including a tuberculosis test administered on July 17, 1981. On July 18, 1981, prior to receiving the results of the tuberculosis test, Dr. Stanley performed surgery on plaintiff's neck, draining the abscess on plaintiff's parotid (salivary) gland. Two days later Dr. Stanley noted on plaintiff's hospital chart that plaintiff had tested positive for tuberculosis and was in need of consultation with a specialist in infectious diseases. On that same day, July 20, 1981, plaintiff was examined by defendant Donald Levine, an infectious disease specialist, in consultation with Dr. Stanley. However, no further diagnosis of or treatment for tuberculosis followed, and plaintiff was discharged on July 24, 1981.

Plaintiff thereafter returned to Dr. Stanley with the same symptoms and complaints. On August 17, 1981, plaintiff was admitted to Harper Grace Hospital with a diagnosis of parotid wound infection. According to plaintiff, a note written by Dr. Stanley on plaintiff's hospital chart on August 17, 1981, indicated that the results of the tuberculosis test were pending and authorized the hospital staff to administer a second tuberculosis test. The second test was performed on August 22, 1981. Surgery was again performed on August 25, 1981, and, based on the results of the pathology report, plaintiff was diagnosed on August 28, 1981, as suffering

from tuberculosis. Plaintiff was treated and released from Harper Grace Hospital on August 31, 1981.

Plaintiff filed this action on June 30, 1983, alleging that defendants were negligent in treating him for an abscess rather than tuberculosis. Specifically, plaintiff alleged negligence in defendants' failure to: (1) obtain and maintain appropriate medical records, (2) properly diagnose plaintiff's condition during his hospitalization at Detroit Receiving Hospital, (3) administer proper diagnostic tests, (4) refer to the results of the tuberculosis test prior to performing surgery, (5) refrain from performing unnecessary surgery and (6) provide adequate postoperative care.

All of the defendants answered the complaint and discovery proceeded. Although all parties were required under local court rule to submit their witness lists no later than December 30, 1984, plaintiff did not submit his list until March 19, 1985. Wayne Circuit Court Rule 2.301(4) (rescinded, effective March, 1986). Defendant Stanley moved to strike plaintiff's witness list as untimely, and an order granting the motion was entered by the assigned pretrial judge on May 14, 1985. The order was granted without prejudice to "plaintiff's right to seek relief from the Chief Judge of the Wayne County Circuit Court." On May 22, 1985, plaintiff's motion to submit a late witness list was denied. His motion for rehearing was denied by order of May 28, 1985.

On December 18, 1985, defendant Stanley filed a motion for summary disposition, which motion was subsequently joined in by the remaining defendants. Following oral argument on January 24, 1986, before the assigned pretrial judge, defendants' motion for summary disposition was granted on the ground that plaintiff would be

unable to support his claim of medical malpractice at trial because he was precluded from calling any expert witnesses. A final order was entered February 24, 1986, from which plaintiff now appeals as of right.

Initially, we reject plaintiff's procedural challenges to the order of summary disposition as lacking in merit. While it is true that defendants failed to identify the specific subrule under which they sought summary disposition, it is apparent from the written motions and from oral argument that defendants' motion was at all times premised on plaintiff's inability to establish a prima facie case of medical malpractice because of the lack of expert testimony. Plaintiff could not have been confused or misled in defending against defendants' motion, and, indeed, our review of the pleadings and transcript reveals that plaintiff clearly understood the issue before the court. Compare *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 646, n 1; 364 NW2d 670 (1984), where the designations summary and accelerated judgment were confused, with *Hankins v Elro Corp,* 149 Mich App 22, 25-26; 386 NW2d 163 (1986), where the confusion involved the subrules under the former summary judgment court rule, GCR 1963, 117.2. Moreover, since defendants' motion rests entirely on the pleadings, the lack of impartiality in defendants' affidavits is irrelevant to our review and disposition of this case.

Plaintiff raises several additional arguments challenging the order of summary disposition on its merits. We first hold that plaintiff is required to provide expert testimony in order to establish his prima facie case of medical malpractice against the defendants. *Rice v Jaskolski,* 412 Mich 206, 211; 313 NW2d 893 (1981). Plaintiff argues that this case fits within the exception to the rule

requiring expert testimony because the malpractice committed here is so apparent that an ordinary lay person with common knowledge and experience is capable of determining whether defendants' conduct conformed to professional standards. *Sullivan v Russell*, 417 Mich 398, 407; 338 NW2d 181 (1983); *Clapham v Yanga*, 102 Mich App 47; 300 NW2d 727 (1980). See also *Thomas v McPherson Community Health Center*, 155 Mich App 700, 705; 400 NW2d 629 (1986), for a discussion of this exception in the context of hospitals.

We do not agree with plaintiff's position. Even if we were to conclude that an ordinary lay person is competent to determine whether defendants' failure to follow up on the initial diagnosis of tuberculosis falls below a professional standard of practice, expert testimony is nevertheless necessary to determine the course of treatment called for under the applicable standard of care once tuberculosis was suspected and to determine the extent to which defendants deviated from that standard in treating this plaintiff. For example, one of defendants' positions is that surgery on plaintiff's abscess was a necessary part of any treatment of the underlying condition. We are not persuaded that an ordinary lay person is qualified to evaluate defendants' actions in light of the applicable standard of care without the assistance of medical expert testimony. Absent such testimony, it is clear that plaintiff will be unable to establish his prima facie case of medical malpractice should the case proceed to trial.

Plaintiff responds that, even if expert testimony was required at trial, the order of summary disposition was premature because the judge assigned to try the case might have granted plaintiff the opportunity to call his witnesses on plaintiff's renewed motion and for good cause shown. We

disagree. The judge assigned to try the case is without authority to set aside or vacate an order entered by the pretrial judge on a renewed motion. *Totzkay v DuBois (After Remand),* 140 Mich App 374, 379-381; 364 NW2d 705 (1985), lv den 424 Mich 873 (1986).

Plaintiff also responds that he could have established his prima facie case of medical malpractice through the testimony of the parties alone, including the individual defendants. However, plaintiff has no right to call Drs. Stanley or Levine as expert witnesses during his presentation of the case, since neither physician had been named in a timely filed witness list. See *Beattie v Firnschild,* 152 Mich App 785, 794; 394 NW2d 107 (1986), where we noted that defendants have the right to some notice in the event that they are to be called to testify against themselves.

Given the pretrial rulings made below, it is clear that plaintiff would have been unable to support his claims of medical malpractice against defendants at trial. The trial court did not err, therefore, in granting summary disposition under MCR 2.116(C)(10).

Affirmed.

J. H. GILLIS, J., concurred.

SHEPHERD, P.J. *(dissenting).* I dissent for the reason that I believe plaintiff should be given the opportunity at trial to establish his prima facie case of medical malpractice through the testimony of the individual defendants. In *Beattie v Firnschild,* 152 Mich App 785; 394 NW2d 107 (1986), cited in the majority opinion, it appears that the defendant had no knowledge before trial that he was to be called as an expert witness. In the instant case defense counsel was put on notice

that defendants would be called as experts, and there would therefore be no surprise if this case were to go to trial. I do not believe that the trial judge abused his discretion in preventing additional experts from being called, but where a plaintiff claims that he or she can prove malpractice through the testimony of the defendants and where the defendants have adequate notice that they will be called during the course of plaintiff's case, it is my view that the trial court should allow the matter to go to trial. Another alternative would be to order the plaintiff to take the defendants' depositions prior to trial to test whether defendants will admit to a violation of the appropriate standard of care. I do not believe that the drastic remedy of summary disposition is appropriate in this case.