CITY OF DETROIT v GOODWILL COMMUNITY CHAPEL

Docket No. 122012. Submitted January 16, 1991, at Detroit. Decided April 18, 1991; approved for publication July 11, 1991, at 9:20 A.M.

The City of Detroit brought an action in the Wayne Circuit Court against Goodwill Community Chapel, seeking to acquire property under the Uniform Condemnation Procedures Act. The court, John R. Kirwan, J., dismissed the case for lack of jurisdiction and awarded attorney fees to the defendant. The plaintiff appealed, claiming that because of a contingent-fee arrangement the defendant was under no obligation to pay its counsel. The defendant cross appealed, claiming that the trial court erred in failing to apply a risk multiplier to the award of attorney fees.

The Court of Appeals *held:*

1. The granting of attorney fees was proper. Under the circumstances of this case, compensation for defense counsel may be imposed under a theory of implied contract or quasi contract.

2. MCL 213.66; MSA 8.265(16) does not provide for use of a multiplier in awarding attorney fees.

Affirmed.

EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — ATTORNEY FEES — CONTINGENT FEE AGREEMENT.

A condemnee whose attorney obtains a dismissal of the condemnation action is entitled to an award of attorney fees pursuant to the Uniform Condemnation Procedures Act even where the condemnee and the attorney have agreed that the attorney will be paid only upon a recovery in excess of the condemnor's written offer; compensation of the attorney in such case may be imposed under a theory of implied contract or quasi contract (MCL 213.66; MSA 8.265[16]).

*James C. Cobb, Jr.,* for the plaintiff.

REFERENCES
Am Jur 2d, Eminent Domain § 465.
See the Index to Annotations under Attorneys' Fees; Eminent Domain.

*Peter E. O'Rourke,* for the defendant.

Before: MARILYN KELLY, P.J., and HOLBROOK, JR., and MICHAEL J. KELLY, JJ.

PER CURIAM. The City of Detroit commenced condemnation proceedings against Goodwill Community Chapel in November, 1980. Following lengthy litigation, including two trials and several appeals, plaintiff's action was dismissed in 1989 for want of subject-matter jurisdiction. An evidentiary hearing was then held to determine the issue of attorney fees.

It was plaintiff's position at the hearing that only those attorney fees actually incurred and obligated to be paid by defendant should be recoverable. Defense counsel's retainer provided that counsel would receive as compensation one-third of any amount obtained in excess of plaintiff's written offer. At the time the contract was signed, however, dismissal of the condemnation action was not contemplated. The trial court held that under MCL 213.66(2); MSA 8.265(16)(2), defense counsel was entitled to reasonable fees for work actually performed in defending the case. From the court's order granting defendant $357,700 in attorney fees, plaintiff appeals. Defendant cross appeals from the court's refusal to use a risk multiplier when calculating the fees.

Plaintiff's sole claim on appeal is that the trial court erred in granting attorney fees when no fees, in fact, were incurred as legal obligations to be paid by defendant. Plaintiff reasons that defendant did not incur any attorney fees because defense counsel's retainer did not provide for such in the event the case was dismissed. We disagree.

Although defense counsel's retainer did not contemplate dismissal of the action, it does not mean

that defendant was without obligation to compensate its counsel. Clearly, counsel's contingency agreement would have left him without compensation had he lost the case. Counsel's success by way of a dismissal, however, was a collateral benefit simply not contemplated by the parties. Under these circumstances, compensation may be imposed under a theory of implied contract or quasi contract. See *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 638; 425 NW2d 480 (1988); *Malik v William Beaumont Hosp,* 168 Mich App 159, 172; 423 NW2d 920 (1988); *Hofmann v Auto Club Ins Ass'n,* 162 Mich App 424, 429; 413 NW2d 455 (1987). The trial court did not err in granting attorney fees. Plaintiff has not contested the reasonableness of the award, and we therefore do not address that issue.

Next, defendant claims on cross appeal that the trial court erred in failing to apply a multiplier to the award. We do not agree. Use of a multiplier is not provided for in the statute. MCL 213.66; MSA 8.265(16).

Affirmed.