HICKMAN v GENERAL MOTORS CORPORATION

Docket No. 106347. Submitted January 6, 1989, at Lansing. Decided March 14, 1989.

John R. Hickman, who has weakness and limited range of motion in his right arm due to polio in his childhood, was hired by General Motors Corporation in 1981 as a general production worker at its Adrian, Michigan, plant. Hickman was laid off in 1982. In 1983 all laid-off employees, except for Hickman and one who had joined the military, were recalled. Hickman brought an action in Wayne Circuit Court against General Motors and two of his former superiors at General Motors. Plaintiff alleged that defendants' failure to rehire him was in breach of an implied contract to rehire and in violation of the Michigan Handicappers' Civil Rights Act. The court, Kathleen MacDonald, J., on defendants' motion, changed venue to the Lenawee Circuit Court. That court, Kenneth B. Glaser, Jr., J., subsequently granted summary disposition in favor of defendants, ruling that there existed no genuine issue of material fact and defendants were entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

1. Summary disposition of the civil rights claim was granted in error as there exists a genuine issue regarding whether defendants' decision not to rehire plaintiff was based solely on plaintiff's physical handicap, which failure to rehire may be in violation of the Michigan Handicappers' Civil Rights Act.

2. Summary disposition of the implied contract claim was properly granted. Where an express contract is in force, a contract which covers the same subject cannot be implied in law. Here, under the terms of the collective bargaining agreement between General Motors and plaintiff's labor union at the

REFERENCES

Am Jur 2d, Contracts § 3; Job Discrimination §§ 124-126; Summary Judgment § 27; Venue §§ 82-85.

Construction and effect of state legislation forbidding job discrimination on account of physical handicap. 90 ALR3d 393.

time of plaintiff's layoff, General Motors did not have a duty to rehire plaintiff.

3. The Wayne circuit judge did not abuse her discretion in granting a change of venue. Defendants met their burden of showing inconvenience by demonstrating that the alleged discrimination occurred in Lenawee County and that the plaintiff, the witnesses and the relevant records were located in that county.

Affirmed in part and reversed in part.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EMPLOYMENT DISCRIMINATION.

A prima facie case of discrimination in violation of the Michigan Handicappers' Civil Rights Act is made out by a plaintiff who, unlike his former co-workers, is not rehired following layoff where the plaintiff establishes that (1) he had a handicap, (2) he was qualified for the job and (3) despite his qualifications he was not rehired because of his handicap.

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUE OF MATERIAL FACT — COURT RULES.

In reviewing a motion for summary disposition on the ground that there is no genuine issue as to any material fact, a trial court must carefully avoid making findings of fact under the guise of determining that no issue of material fact exists (MCR 2.116[C][10]).

3. CONTRACTS — CONTRACTS IMPLIED IN LAW — EXPRESS CONTRACTS.

A contract cannot be implied in law while an express contract covering the same subject matter is in force between the parties.

4. VENUE — CHANGE OF VENUE — APPEAL — COURT RULES.

The grant or denial of a motion to change venue, which has been properly laid initially, rests in the sound discretion of the trial court, and will be reversed on appeal only where there is an abuse of that discretion (MCR 2.222).

*Edward Jabbour* and *Mark H. Magidson,* for plaintiff.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Richard M. Teryn* and *Roy H. Henley*), for defendants.

Before: Hood, P.J., and Beasley and T. M. Burns,* JJ.

Per Curiam. In October, 1985, plaintiff brought suit against defendant, claiming breach of an implied contract to rehire and discrimination in violation of the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.* In January, 1988, the Lenawee Circuit Court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10) on all of plaintiff's theories of liability. Plaintiff appeals as of right, claiming that the trial court improperly granted summary disposition and that the Wayne Circuit Court improperly granted a change of venue to Lenawee County.

Plaintiff was afflicted with polio at the age of three and as a result he has weakness in his right arm and some restrictions as to movement involving that arm. In November, 1981, plaintiff began work on the second shift at defendant General Motors' Adrian plant as a general production worker. Plaintiff worked at this position until he was laid off in January, 1982. After the layoff, plaintiff telephoned Gregory Dumars, the personnel manager at the plant, regarding the possibility of recall. Plaintiff claims that Dumars specifically told him that he would be rehired when the other employees were rehired.

In August, 1983, all of the employees who were laid off with plaintiff were rehired, except one person who had joined the military. When plaintiff found out that the others were recalled and he was not, he again contacted Dumars. Dumars told plaintiff that he was not rehired because he would not make a good employee.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

The trial court granted defendants' motion for summary disposition on all three of plaintiff's theories of liability under MCR 2.116(C)(10). In deciding a motion under this rule, the trial court must review the entire record to determine if there is factual support for the plaintiff's claims. In reviewing the evidentiary record, the plaintiff must be given the benefit of any reasonable doubt in deciding whether a genuine issue of fact exists. Before judgment may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Peterfish v Frantz,* 168 Mich App 43, 48-49; 424 NW2d 25 (1988). The appellate court in its review is liberal in finding that a genuine issue of material fact exists. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988).

As to the handicap discrimination claim, we find that the trial court erred in granting summary disposition. In order to establish a prima facie case of discrimination, plaintiff had the burden of establishing that (1) he had a handicap, (2) he was qualified for the job, and (3) despite his qualifications he was not rehired. The only issue which appears to be disputed is the third prong: whether plaintiff was not rehired despite his qualifications or, in other words, because of his handicap. *Carden v General Motors Corp,* 156 Mich App 202, 210-211; 401 NW2d 273 (1986). In order to satisfy this third prong, plaintiff must show an intent to discriminate because of his handicap. *Id.,* pp 211-212. Discriminatory intent may be inferred from the evidence presented. *Jenkins v Southeastern Michigan Chapter, American Red Cross,* 141 Mich App 785, 794; 369 NW2d 223 (1985).

Seventeen of the nineteen employees hired at the same time as plaintiff and who worked in the same department were rehired by defendant. The

only person, other than plaintiff, who was not rehired had joined the military at the time of rehiring. Although defendant Dumars submitted an affidavit that stated that five of the seventeen people rehired had physical limitations requiring lifting restrictions, there is no other evidence from which to determine that the limitations and restrictions of these other employees correlated with plaintiff's restrictions.

The trial court noted that Dumars and three of plaintiff's supervisors stated that plaintiff was discharged because he was cocky and had a bad attitude. However, there was nothing written in plaintiff's file to indicate this problem nor was there any indication that plaintiff had ever been told that he had an attitude problem affecting his work. As noted by the trial court: "Given that and nothing more, it could raise at least a suspicion that the handicap was the cause" of plaintiff's not being recalled. We agree with the trial court that these circumstances at least raise an issue of fact as to the existence of discrimination.

In reviewing a motion for summary disposition, the trial court must carefully avoid making findings of fact under the guise of determining that no issue of material fact exists. *Ceplin v Bastian-Blessing Div of Golconda Corp*, 90 Mich App 527, 531; 282 NW2d 380 (1979). In finding that there was no room for an inference that plaintiff's discharge was in any way related to his handicap, the trial court in effect resolved the factual dispute as to whether defendants' proffered reasons for not rehiring plaintiff were true and not a pretext for discriminatory action. The trial court improperly granted summary disposition of this issue.

However, we agree with the trial court that plaintiff failed to support his claim for breach of an implied contract and promissory estoppel.

Plaintiff was a member of the United Auto Workers Union at the time he was laid off. Under the express terms of the collective bargaining agreement then in effect and which covered his employment, General Motors did not have a contractual duty to rehire plaintiff. Where an express contract is in force, a contract which covers the same subject cannot be implied in law. *Steele v Cold Heading Co,* 125 Mich App 199, 203; 336 NW2d 1 (1983).

Even if we assumed that an implied contract could be enforced here, plaintiff has not presented evidence from which we could imply or deduce the existence of an implied contract. See *Temborius v Slatkin,* 157 Mich App 587, 596; 403 NW2d 821 (1986). His sole factual basis is comments by Dumars regarding the possibility of rehire. However, plaintiff's own deposition testimony indicates that Dumars' statements to plaintiff were mere expressions of opinion rather than promises or assurances that plaintiff would be recalled. These comments do not justify implying or deducing that a separate contract existed.

Similarly, without evidence of a promise, there is no basis for plaintiff's promissory estoppel theory. *Malik v William Beaumont Hospital,* 168 Mich App 159, 172; 423 NW2d 920 (1988).

The final issue concerns the change of venue to Lenawee County. The trial court's decision to grant a change of venue is a discretionary one which will be reversed only where there is a plain abuse of discretion. *Kohn v Ford Motor Co,* 151 Mich App 300, 305; 390 NW2d 709 (1986).

Defendants met their burden of making a persuasive showing of inconvenience by demonstrating that the alleged discrimination occurred in Lenawee County and that the plaintiff, the wit-

nesses and the relevant records were located in Lenawee County. Change of venue for the convenience of the parties and witnesses was properly granted. MCR 2.222; *Kohn, supra,* pp 305-308.

Affirmed in part and reversed in part.