JOHNSON v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 110932. Submitted October 19, 1989, at Detroit. Decided December 12, 1989.

Michigan Mutual Insurance Company issued a homeowner's policy for a two-family dwelling to Marcel Kendricks, the named insured. Kendricks lived in the downstairs flat and Kendricks' daughter and son-in-law, Manuela and Leon Johnson, lived in the upstairs flat. After Kendricks died, the Johnsons continued to make the premium payments on the Michigan Mutual policy. A fire subsequently damaged the dwelling and destroyed personal property belonging to the Johnsons and located in the upstairs flat. The Johnsons filed a claim with Michigan Mutual for their personal property loss. Michigan Mutual denied the claim. The Johnsons brought an action in Wayne Circuit Court against Michigan Mutual. The court, James A. Hathaway, J., granted summary disposition in favor of defendant, ruling that there existed no genuine issues of fact and that defendant was entitled to judgment as a matter of law. Plaintiffs appealed.

The Court of Appeals *held:*

1. The policy in question here provided in part that, in the event of the named insured's death, the definition of "insured" shall be modified to include any member of the decedent's household at the time of the decedent's death. Since plaintiffs did not dispute the trial court's finding that plaintiffs were not members of Kendricks' household at the time of Kendricks' death, the trial court correctly concluded that the policy provided no coverage for plaintiffs' personal property loss.

2. Because the policy was clear, unambiguous and complete as to its terms upon the death of the named insured, plaintiffs are precluded from offering parol evidence to explain and identify the parties entitled to receive benefits under the policy.

3. The rule that a contract cannot be implied in law where an express contract on the same subject is in force precludes plaintiffs' claim that, because they paid the policy premium

REFERENCES

Am Jur 2d, Insurance §§ 177, 241, 1180.
Who is member of insured's "family" or "household" within coverage of property insurance policy. 1 ALR2d 561.

after Kendricks' death, they are entitled to a recovery under an unjust enrichment theory.

Affirmed.

1. Insurance — Homeowner's Insurance — Coverage After Death of Named Insured.

A homeowner's insurance policy issued for a dwelling with two flats, one flat of which is occupied by the named insured, and providing that, in the event of the named insured's death, the definition of "insured" shall be modified to include any member of the decedent's household at the time of the decedent's death, does not provide coverage for personal property loss sustained after the named insured's death by those who, at the time of the named insured's death, resided in the flat not occupied by the named insured.

2. Contracts — Contracts Implied in Law — Express Contracts.

A contract cannot be implied in law where an express contract on the same subject is in force between the parties.

*Jeffrey W. Perlman,* for plaintiffs.

*Klemanski & Honeyman, P.C.* (by *John D. Honeyman*), for defendant.

Before: Maher, P.J., and Marilyn Kelly and H. E. Deming,* JJ.

Per Curiam. Plaintiffs appeal as of right from the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C) (10). We affirm.

Before her death in 1983, Marcel Kendricks was the named insured on a homeowner's policy issued by defendant and covering a two-family dwelling. Kendricks lived in the downstairs flat with her son, and plaintiffs, Kendricks' daughter and son-in-law, lived in the upstairs flat. After Kendricks died, her children continued to pay the premiums on the insurance policy as part of the mortgage

_____
* Former circuit judge, sitting on the Court of Appeals by assignment.

payments they made on the deceased's behalf. Kendricks was listed as the named insured for the policy period from September, 1985, until September, 1986. On July 17, 1986, a fire damaged the dwelling. Subsequently, plaintiffs filed a complaint to recover from defendant for the loss of their personal property, which had been in the upstairs flat and was destroyed by the fire.

The deceased's insurance policy contained the following provision:

> 9. Death of Named Insured: In the event of death of the Named Insured, the definition of "Insured" is modified as follows:
> a. The Named Insured shall mean:
> (1) the spouse, if a resident of the household at the time of such death; and
> (2) the legal representative but only with respect to the premises and property of the deceased covered under this policy at the time of such death.
> b. Insured shall also include:
> (1) any member of the deceased's household who was covered under this policy at the time of such death, but only while a resident of the insured premises; and
> (2) with respect to the property of the Named Insured, the person having proper temporary custody thereof, but only until the appointment and qualification of the legal representative.

The clause is unambiguous. See *Raska v Farm Bureau Ins Co of Michigan,* 412 Mich 355, 362; 314 NW2d 440 (1982). As a result of Kendricks' death, recovery under the terms of the policy was limited. Unless plaintiffs were members of the deceased's household at the time of her death, they could not recover for the loss of their personal property. The record supports, and plaintiffs do not dispute on appeal, the trial court's conclusion that they were not members of the deceased's household. There-

fore, there was no genuine issue of fact as to plaintiffs' personal property being covered under the deceased's policy.

On appeal, plaintiffs contend that parol evidence is admissible to explain and identify the parties entitled to receive the benefits of an insurance policy. Plaintiffs' complaint was based upon the deceased's insurance contract with defendant. Because the policy was clear, unambiguous and complete as to its terms upon the death of the named insured, parol evidence would be inadmissible. See *Mid America Management Corp v Dep't of Treasury,* 153 Mich App 446, 459; 395 NW2d 702 (1986); *Van Pembrook v Zero Mfg Co,* 146 Mich App 87, 97-98; 380 NW2d 60 (1985), lv den 425 Mich 857 (1986).

Plaintiffs also argue that, because they continued to pay the insurance premiums after Kendricks' death, they are entitled to receive the benefits of the policy under an unjust enrichment theory. A person unjustly enriched at another's expense must make restitution to the other. *B & M Die Co v Ford Motor Co,* 167 Mich App 176, 181; 421 NW2d 620 (1988). The prevention of unjust enrichment would require the imposition of a "contract-in-law" or quasi-contract. *Id.* However, where an express contract is in force, a contract covering the same subject cannot be implied in law. *Hickman v General Motors Corp,* 177 Mich App 246, 251; 441 NW2d 430 (1989).

Here, an express contract governing defendant's liability for the named insured's property losses existed. Plaintiffs continued to pay only the consideration for that contract after Kendricks died, in the face of a provision which clearly limited defendant's liability. We do not find this to be a case in which imposition of a quasi-contract to prevent unjust enrichment would be proper or just.

Affirmed.