William X. KIENZLE, Father Robert Morand, Father Norman Thomas, Father Thomas Finnigan, Father Thomas McAnoy, Father James Robinson, Plaintiffs,

v.

CAPITAL CITIES/AMERICAN BROADCASTING COMPANY, INC., a foreign corporation, and 20th Century Fox Film Corporation, a foreign corporation, jointly and severally, Defendants.

No. 90–71250.

United States District Court, E.D. Michigan, S.D.

Aug. 6, 1991.

Scott E. Combs, Soll, Crowley, Berman, Olsman & Nolan, P.C., Royal Oak, Mich., Geoffrey N. Fieger and Michael Alan Schwartz, Fieger & Fieger, P.C., Southfield, Mich., for plaintiffs.

Herschel P. Fink and Michael A. Gruskin, Honigman, Miller, Schwartz and Cohn, Detroit, Mich., for defendants.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

The claims in this case are based on allegations of a misappropriation of ideas. Plaintiff, William X. Kienzle (Kienzle), is a nationally renowned novelist. In 1980, Kienzle submitted to defendant, Capitol Cities/American Broadcasting Company, Inc. (ABC), a proposal for a television series.[1] The proposed series was a situation comedy involving occurrences at an inner-city Catholic rectory staffed by a team of priests. The proposal, complete with character sketches, sample dialogue and story situations, was rejected by ABC shortly after its submission. In 1989, ABC aired a short-lived series entitled "Have Faith" that was produced by defendant, 20th Century Fox Film Corp. (20th Century). The series was thematically similar to Kienzle's proposed series in that both were situation comedies set in an inner-city rectory. Kienzle says ABC and 20th Century Fox stole his idea for their proposed television series. Kienzle alleges a variety of claims based on state law: (1) breach of an implied contract, (2) quantum meruit, (3) commercial plagiarism, (4) conversion of property in violation of M.C.L.A. § 600.2919a[2], (5) invasion of privacy, (6) commercial misappropriation of distinct ideas, and (7) unfair competition. Kienzle also alleges that the misappropriation of his idea constitutes a violation of the Lanham Act, 15 U.S.C. § 1125(a).[3]

Now before the Court is ABC and 20th Century's motion for summary judgment as to all claims. ABC and 20th Century say, among other things, all of the state law claims lack merit since there is uncontroverted evidence that they created "Having Faith" independently with no input from Kienzle. The Court agrees. Kienzle's claim under Section 43(a) of the Lanham Act also fails because that section is just not applicable to the facts at issue here. Therefore, ABC and 20th Century's motion for summary judgment as to all claims will be granted and this case will be dismissed.

### II.

The following facts, as gleaned from the deposition testimony, affidavits and documents in the record, are not in material dispute.

### A.

In 1980, Kienzle approached Jeanne Findlater (Findlater), a friend and then general

---

1. Also named as plaintiffs are several priests practicing in the Archdiocese of Detroit who were to serve as Kienzle's advisors and provide him with anecdotal material. In return, Kienzle agreed to share with them any money that he might make from his proposed television series. Virtually all of the relevant facts in this case involve only Kienzle, not the others. Thus, for the purpose of this motion, all of the plaintiffs will simply be referred to as Kienzle.

2. M.C.L.A. § 600.2919a reads:
   A person damaged as a result of another person's buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property when the person buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney's fees. This remedy shall be in addition to any other right or remedy the person may have at law or otherwise.

3. Kienzle's first amended complaint also alleges: (1) wrongful appropriation of copyright and (2) common law copyright infringement. He has agreed to dismiss these claims. As a result, ABC and 20th Century's motion for summary judgment as to these claims is GRANTED.

manager of WXYZ–TV, the ABC affiliate in Detroit, and told her about an idea he had for a television series. At that time, Kienzle, a former priest had published at least two novels one of which, "The Rosary Murders", was a best selling mystery.[4]

In October 1980, Kienzle gave Findlater a 16–page "treatment" of his proposed television series; Findlater sent the treatment, which is also referred to in the entertainment industry as a "spine" idea, to Louis Erlicht (Erlicht), then the head of ABC's prime time programming. The treatment described a television series, a "Barney Miller"[5] style situation comedy, involving an inner-city Catholic rectory staffed by a team of priests. The treatment also included: (1) an explanation of the concept behind the series, (2) definitions of the series' leading characters, (3) sample dialogue, and (4) several story vignettes. Erlicht promptly rejected Kienzle's treatment and mailed the original treatment back to Findlater with a note stating that proposed series lacked merit. Erlicht's employment with ABC terminated in August 1986.

In April 1980, months before he submitted his treatment to Findlater, Kienzle was interviewed by the magazine, *Publishers Weekly*, which reported that "[h]e'd also like to write a Barney Miller-style television comedy series about four priests in a modern team ministry."

**B.**

In 1989, ABC broadcasted a short-lived situation comedy series, entitled "Have Faith", that shared certain features with Kienzle's proposed series. Specifically, both "Have Faith" and Kienzle's proposed series: (1) were "Barney Miller" style situation comedies, (2) involved a group of priests who lived together in an inner-city rectory, (3) had story lines that revolved around local residents or parishioners with whom the priests come into contact, (4) featured a Polish priest, (5) featured an unorthodox priest who occasionally shunned some of the priesthood's traditional conventions, and (6) featured a priest with a commanding physical presence.[6]

**C.**

"Have Faith" was created in 1987 by Alicia Ulrich (Ulrich), a Los Angeles television reporter, based upon her friendship with a group of California priests. Ulrich presented her idea to 20th Century, which hired a Hollywood script writer, Nat Mauldin (Mauldin), to refine the concept. The series was then sold by 20th Century to ABC. The decision to buy "Have Faith" was made by Stuart Bloomberg (Bloomberg), then vice president of comedy development at ABC. Ulrich, Mauldin and Bloomberg neither knew Kienzle nor Findlater and had never heard of nor seen Kien-

---

**4.** Over the course of the next decade, Kienzle enjoyed significant success as an author. He published approximately one dozen mystery novels and "The Rosary Murders" was made into a nationally distributed motion picture.

**5.** "Barney Miller" was a situation comedy that ran on ABC from 1975–1982. The series involved a group of detectives who worked at a run down police precinct in New York. Each of the detectives had a well-defined and idiosyncratic personality. The show's story lines invariably revolved around the detectives' interaction with eccentric criminals and members of the public.

**6.** Aside from these similarities, "Have Faith" and Kienzle's proposed series were readily distinguishable from each other. Kienzle's treatment for his proposed series painted a gritty, realistic picture of an inner-city Detroit parish flanked by a "drug den" on one side and a halfway house on the other. Residents in the neighborhood were poor, heavily black and Hispanic.

The treatment contained several references to drugs and prostitutes. The "street people" who visited the rectory were described as thieves, con artists, prostitutes, ADC mothers and dope dealers. In contrast, "Have Faith" was set in a trendier Chicago neighborhood. None of the story lines addressed the issues of drugs and prostitution. Rather, most of story lines in "Have Faith" were lighthearted and did not confront pressing social problems. Kienzle testified that, except for the idea of a comedy involving a group of priests living together in an urban rectory, his treatment as to the proposed series and "Have Faith" were significantly different from each other. In particular, Kienzle said: (1) "Have Faith" departed radically from his concept, (2) he would not have pursued "any" of the story lines of "Have Faith", and (3) there would have been "little, if any, resemblance" between his characters and the ones in "Have Faith".

zle's treatment. When Bloomberg began working at ABC's comedy development department in 1982, he did not inherit any files of rejected comedy concepts. Ulrich never had any association with ABC or 20th Century prior to selling her treatment for "Have Faith". In fact, no employee of ABC or 20th Century involved with the development and production of "Have Faith" had ever seen or heard of Kienzle's treatment.

### III.

Kienzle asserts seven state law causes of action which, in effect, charge a misappropriation of his idea and concept as to a proposed television series.

### A.

ABC and 20th Century say all of Kienzle's state law claims are preempted by the Federal Copyright Act (the Copyright Act), 17 U.S.C. § 101 *et seq.*[7] Moreover, there is some question as to whether, under Michigan law, a person has a protectable property interest in his or her idea for a media publication or production. It is arguable that the Copyright Act does not preempt at least some of Kienzle's state law claims, including the breach of implied contract and quantum meruit claims. *See* P. Goldstein, *Copyright Principles, Law and Practice* § 15.9 at 524–530 (1990). Moreover, ABC and 20th Century have not cited a single case suggesting that the Michigan Supreme Court would not follow the common law of other states recognizing that a person has a protectable interest in his or her ideas. *See Desny v. Wilder*, 46 Cal.2d 715, 299 P.2d 257 (1956); *Stone v. Goodson*, 8 N.Y.2d 8, 200 N.Y.S.2d 627, 167

N.E.2d 328 (1960). Thus, for the purposes of this motion only, the Court will assume that: (1) none of Kienzle's state law claims are preempted by the Copyright Act, and (2) the Michigan Supreme Court would, if presented with the issue, decide that a Kienzle has a protectable property interest in spine idea.

### B.

Nevertheless, all of Kienzle's state law claims lack merit. In states that recognize causes of action for the misappropriation of ideas, a defendant may rebut a prima facie case[8] by showing that it independently created the allegedly misappropriated idea. *Downey v. General Foods Corp.*, 37 A.D.2d 250, 323 N.Y.S.2d 578, 582 (1971); *Fink v. Goodson–Todman Enterprises, Ltd.*, 9 Cal.App.3d 996, 88 Cal. Rptr. 679, 688 n. 14 (1970).

Here, as described in Part II(C), the evidence is uncontroverted that 20th Century and ABC independently created "Have Faith". Kienzle has made no attempt to rebut the evidence that: (1) Ulrich thought of the concept for "Have Faith" as a result of her friendship with several California priests independently of Kienzle, and (2) no one involved with the creation or production of "Have Faith" read or heard of Kienzle's treatment. Thus, ABC and 20th Century have successfully asserted the affirmative defense of independent creation. *See also Novak v. National Broadcasting Co., Inc.*, 752 F.Supp. 164, 170–171 (S.D.N.Y.1990) (uncontroverted evidence that NBC independently created ideas for "Saturday Night Live" skits entitles it to summary judgment as to plaintiff's copy-

---

**7.** Section 301 of the Copyright Act sets out a two prong test to determine if a state law claim is preempted. First, a state law claim is not preempted unless the subject matter of the claim comes "within the 'subject matter of the copyright' as defined in Sections 102 and 103 of the Copyright Act." *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 501 F.Supp. 848, 850 (S.D.N.Y.1980), *aff'd*, 723 F.2d 195 (2nd Cir. 1983), *rev'd on other grounds*, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). Second, the Copyright Act does not preempt state law claims unless rights granted under state law are "equiv-

alent to any of the exclusive rights within the general scope of copyright as specified by Section 102 [of the Copyright Act]." *Id.*

**8.** In brief, the elements for a claim of idea misappropriation are: (1) the idea must be novel and concrete, and (2) there must be a legal relationship between the parties, whether by an express contract, a contract implied-in-fact, a quasi-contract, or a fiduciary relationship. 3 *Nimmer on Copyright*, § 16.01 at 16–4 (1990).

right claim).[9]

## C.

■ Kienzle admits he has not introduced any direct evidence to rebut ABC and 20th Century's affirmative defense of independent creation. However, Kienzle says this failure of proof is not fatal to his case. In so arguing, Kienzle relies on a line of copyright cases which hold, in effect, that copyright infringement may be presumed when two works are so strikingly similar as to preclude the possibility of independent creation. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 113 (5th Cir.1978); *Evens v. Wallace Barrie and Co., Inc.,* 681 F.Supp. 813, 818 (S.D.Fla.1988); *20th Century–Fox Film Corporation, et al. v. MCA, Inc.,* 715 F.2d 1327, 1329–30 (9th Cir.1983).

Kienzle's argument lacks merit.[10] No trier of the facts could reasonably conclude that the ideas in Kienzle's spine idea and "Have Faith" are so strikingly similar as to preclude the possibility of independent creation. Kienzle says the record reveals "an unearthly confluence of a multitude of coincidences and similarities which are otherwise unprecedented in the experience of mankind." To say the absolute least, Kienzle overstates his case. In arguing that the similarities between his idea and "Have Faith" are so great as to preclude the possibility of independent creation, Kienzle relies on the following undisputed facts: (1) the title of "Have Faith" and the title of Kienzle's proposed series, "All Things", both contain two one-syllable words, (2) in promoting their series, both ABC and Kienzle referred to "Barney Miller", (3) both series have a character who is a Polish priest, (4) Kienzle's treatment and an ABC's advance press release describe a priest who is well built,[11] (5) both series accentuate the "interaction of priests and people" rather than the "interplay between priests," (6) both series are situation comedies set in an inner-city rectory.

For the reasons which follow, these similarities simply would not permit a trier of the facts to reasonably conclude that Kienzle's spine idea and "Have Faith" are "so overwhelmingly identical that the possibility of independent creation is precluded." *Twentieth Century–Fox,* 715 F.2d at 1330 (citing *Peter Pan Fabrics, Inc. v. Dan River Mills, Inc.,* 295 F.Supp. 1366, 1369 (S.D.N.Y.1969), *aff'd,* 415 F.2d 1007 (2nd Cir.1969).

—The title of many television shows contain only two one-syllable words.[12]

9. Moreover, a defendant may rebut a prima facie case of misappropriation by showing it did not have access to the allegedly misappropriated idea. *Vantage Point, Inc. v. Parker Brothers, Inc.,* 529 F.Supp. 1204, 1213 (E.D.N.Y.1981). Here, the uncontroverted evidence shows: (1) in 1980, Erlicht returned to Findlater the original copy of Kienzle's treatment, (2) Kienzle never sent his treatment to 20th Century, which sold the idea for "Have Faith" to ABC, (3) no one at ABC involved with the production of "Have Faith" read or saw Kienzle's treatment, and (4) ABC's index of proposed series shows no listing of Kienzle's treatment. In light of this uncontroverted evidence, a trier of the facts could not reasonably conclude that either 20th Century or ABC had access to the allegedly misappropriated idea. In his attempt to prove access, Kienzle relies solely on the undisputed fact that Erlicht received his treatment. However, as stated, *supra,* Erlicht: (1) received the treatment in 1980, nearly a decade before ABC aired "Have Faith," and (2) had nothing to do with the production of the television series. Thus, the mere fact Erlicht received Kienzle's treatment, standing alone, is not sufficient to create a reasonable

inference of access. *Meta–Film Associates, Inc. v. MCA, Inc.,* 586 F.Supp. 1346, 1355 (C.D.Cal. 1984).

10. The principle on which Kienzle relies is one of copyright law and he cites no case suggesting that it may be applied to cases involving the misappropriation of ideas. Nevertheless, for the purpose of this motion only, the Court will assume the principle may be applied to common law misappropriation claims.

11. Kienzle's treatment includes the character of Fr. Bernie Johnson, who is described as "Black and very well built." ABC's advance press release for "Have Faith" describes a priest, Fr. Gabriel Padninski, who was a tackle on the Notre Dame football team. However, before producing a single episode of the series, the producers of "Have Faith" abandoned the idea of having a priest who was a former football player.

12. For instance, the following television series have titles containing only two one-syllable words: CBS' "Frank's Place", ABC's "That Girl", HBO's "Dream On", NBC's "Joe Bash", CBS'

—The writer and co-creator of "Have Faith", Mauldin, wrote 160–170 episodes of "Barney Miller" and thus it is not surprising that, when promoting the series, ABC compared it to "Barney Miller".

—The fact that both "Have Faith" and Kienzle's treatment feature a Polish priest is plausibly explained by Mauldin who stated he patterned the character of Fr. Gabriel Padninski in "Have Faith" after a character in "Barney Miller", Wojohoweizc, a Polish detective.

—"Barney Miller" and other popular, long-running situation comedies, e.g. NBC's "Night Court" and CBS' "Alice", have featured the interaction between a core of regular characters and the public. Thus, instead of misappropriating Kienzle's idea, defendants' emphasis on the priests' interaction with the public appears to have been the application of a successful format in a different context.

—Kienzle developed his idea for a situation comedy set in an inner-city rectory in 1980. As stated in Part II, Erlicht conceptualized a thematically similar television series in 1987 after developing friendships with a group of California priests. It is not an "unearthly" coincidence that two individuals intimately familiar with the priesthood independently thought of the same raw idea for a television series within a seven-year time period.

### D.

▆ Thus, ABC and 20th Century have introduced uncontroverted evidence that they created "Have Faith" independent of Kienzle's treatment. Kienzle has failed to demonstrate that his proposed series and "Have Faith" are so strikingly similar as to preclude the possibility of independent creation. ABC and 20th Century's motion for summary judgment as to all of Kienzle's state law claims is GRANTED.[13]

### IV.

▆ Kienzle also says ABC and 20th Century violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by misrepresenting to the public the source or origin of the ideas for "Have Faith". The claim is without merit. Section 43(a) of the Lanham Act is concerned with affirmative misrepresentations about the nature or source of the goods a defendant has sold or advertised for sale. Kienzle has not cited a single case to support his contention that the Lanham Act encompasses a claim that involves only the copying of an idea for a television series. See Vantage Point, Inc. v. Parker Brothers, Inc., 529 F.Supp. 1204, 1219 (E.D.N.Y.1981), aff'd, 697 F.2d 301 (2nd Cir.1982) (section 43(a) of Lanham Act did not apply to claim that game company misappropriated a game idea which had been submitted to it). Moreover, lack of novelty is fatal to a claim brought under Section 43(a) of the Lanham Act. Murray, 671 F.Supp. at 245. As stated, in note 8, supra, Kienzle's idea for his proposed series was not novel. Last, a person may not bring a claim under Section 43(a) of the

---

"Good Times", NBC's "Night Court", NBC's "Star Trek", and CBS's "All's Fair", and CBS and NBC's "Get Smart."

13. Even if the Court were to find that ABC and 20th Century did not independently create the "Have Faith", it would still grant their motion for summary judgment as to all of Kienzle's state law claims. It is well known that a person may not successfully claim improper misappropriation of an idea unless the idea is novel. 3 Nimmer on Copyright § 16.01 at 16–4 (1990). See also Stevens v. Continental Can Co., Inc., 308 F.2d 100, 104 (6th Cir.1962), cert. denied, 374 U.S. 810, 83 S.Ct. 1702, 10 L.Ed.2d 1034 (1963) (in order for an idea to be a protectable property interest, it must be novel). A proposal for a television series is not novel if it merely incorporates two pre-existing ideas. Murray v. Na-

tional Broadcasting Co., Inc., 671 F.Supp. 236, 241 (S.D.N.Y.1987). That is precisely what Kienzle's treatment does. Kienzle seeks protection of an idea that incorporates the following elements: (1) a Barney Miller style television comedy series, and (2) several priests who work at an inner-city rectory and interact with members of the community. Clearly, the former element is not novel as the idea contained in it is based on a pre-existing, long-running television series. The second element, that is the idea of having priests working together in an inner-city rectory, is not novel either. In 1962, ABC aired a television series based in the motion picture "Going My Way" which featured a young and old priest who worked in an inner-city rectory and interacted with members of the community.

Lanham Act if, absent a legally protected trademark, patent or copyright, the subject of the claim is in the public domain. *Haan Crafts Corp. v. Craft Masters, Inc.*, 683 F.Supp. 1234, 1241 (N.D.Ind.1988). Here, Kienzle voluntarily injected his idea for his proposed series into the public domain in 1980, when he told a reporter for a national magazine that he would like to write a Barney Miller-style television comedy series about four priests in a modern team ministry. Therefore, ABC and 20th Century's motion for summary judgment as to the Lanham Act claim is also GRANTED. This case is DISMISSED.

SO ORDERED.