**WRENCH LLC, a Michigan Limited Liability Company; Joseph Shields; and Thomas Rinks, Plaintiffs,**

v.

**TACO BELL CORP., a foreign corporation, Defendant.**

No.  1:98–CV–45.

United States District Court, W.D. Michigan, Southern Division.

Nov. 16, 1998.

Douglas A. Dozeman, Valerie Ann Pierre Simmons, Warner, Norcross & Judd, LLP, Grand Rapids, MI, for Wrench LLC, Joseph Shields, Thomas Rinks.

Richard J. O'Brien, Sidley & Austin, Chicago, IL, Randall G. Litton, Price, Heneveld, Cooper, Dewitt, et al, Grand Rapids, MI, Arthur S. Friedman, Friedman, Wang & Bleiberg, PC, New York City, for Taco Bell Corporation.

Eric D. Green, Resolutions, LLC, Boston, MA, for VFM.

### OPINION

QUIST, District Judge.

### Background

In this action, Plaintiffs, Wrench LLC ("Wrench"), Joseph Shields ("Shields"), and Thomas Rinks ("Rinks"), allege that Defendant, Taco Bell Corp. ("Taco Bell"), misappropriated their creative images, ideas, concepts, and designs for its own use without compensating them for use of their property. The alleged property in dispute is Plaintiffs' idea of featuring a live Chihuahua with a feisty attitude to promote Taco Bell food in a series of commercials. Plaintiffs allege that their ideas were inspired by their Chihuahua caricature known as "Psycho Chihuahua." On June 18, 1998, this Court issued an Opinion and Order granting in part and denying in part Taco Bell's motion to dismiss all counts of Plaintiffs' original complaint except Count I. See Wrench LLC v. Taco Bell, No.

98–CV–45, 1998 WL 480871 (W.D.Mich. June 18, 1998). The Court dismissed Counts II (unjust enrichment) and IV (conversion) on the grounds that they were preempted by § 301 of the federal Copyright Act and Count VI (trademark dilution under California law) on the grounds that it failed to state a claim. See id. at *9. The Court denied Taco Bell's motion with respect to Counts III, VII, and VIII. See id. Finally, the Court granted Plaintiffs leave to amend their complaint to allege the elements of a claim for conversion of an idea under Michigan law as set forth in Sarver v. Detroit Edison Co., 225 Mich.App. 580, 571 N.W.2d 759 (1997). See Wrench, 1998 WL 480871, at *7–8.[1]

Plaintiffs filed their First Amended Complaint on July 16, 1998. Taco Bell has moved to dismiss Counts II through V of the amended complaint alleging misappropriation, conversion, and unfair competition under Michigan and California law on the grounds that those claims are preempted by the Copyright Act or fail to state a claim upon which relief can be granted. Taco Bell has also moved in the alternative to strike Plaintiffs' allegations of a quasi-contractual relationship from the conversion and misappropriation claims. The facts alleged by Plaintiffs in support of their claims were set forth in the Court's June 18, 1998, Opinion and will not be repeated here as Taco Bell's motion presents only questions of law.

### Discussion

In its motion to dismiss, Taco Bell raises the same arguments it raised in its previous motion to dismiss. The Court agreed with Taco Bell on some of its arguments and rejected others. In the instant motion Taco Bell takes issue with the Court's prior rulings. Therefore, the motion is properly characterized as a motion for reconsideration to the extent that it reasserts legal arguments already raised and decided. See Keweenaw Bay Indian Community v. Michigan, 152 F.R.D. 562, 563 (W.D.Mich.1992), aff'd, 11 F.3d 1341 (6th Cir.1993).

1. The Court entered an Order dated April 4, 1998, dismissing Count V of the complaint, which alleged a claim for trademark dilution under Michigan law, following oral argument on the instant motion.

■ A party moving for reconsideration bears a heavy burden. "Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." W.D.Mich. L.Civ.R. 7.4(a). In order to meet its burden, "[t]he movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from a correction thereof." *Id.*

■ Rule 12(f) of the Federal Rules of Civil Procedure provides that upon motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Courts disfavor motions to strike because they "propose[ ] a drastic remedy." *Resolution Trust Corp. v. Vanderweele,* 833 F.Supp. 1383, 1387 (N.D.Ind.1993). However, a motion to strike should be granted where the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation. *See Morse v. Weingarten,* 777 F.Supp. 312, 319 (S.D.N.Y.1991) (striking references to defendant's criminal conviction and income level). A motion to strike should also be granted where the requested relief is unavailable. *See Brokke v. Stauffer Chem. Co.,* 703 F.Supp. 215, 222–23 (D.Conn.1988) (striking plaintiff's request for punitive damages under Employee Retirement Income Security Act of 1974).

## I. Motion for Reconsideration

■ The thrust of Taco Bell's motion is that the Court erred in holding that the addition of a "legal relationship," such as an implied-in-fact or implied-in-law contract, to Plaintiffs' misappropriation, unfair competition, and conversion claims provides the "extra element" needed to save those claims from preemption under § 301(a). The Court set forth the preemption test in its previous Opinion.

> Under § 301(a), a state law claim will be preempted where: (1) " 'the work is within the scope of the "subject matter of copyright" ' "; and (2) " 'the rights granted under state law are equivalent to any exclu-

sive rights within the scope of federal copyright.' " *Rosciszewski v. Arete Assoc., Inc.,* 1 F.3d 225, 229 (4th Cir.1993) (quoting *Ehat v. Tanner,* 780 F.2d 876, 878 (10th Cir.1985)); *see also National Basketball Ass'n v. Motorola, Inc.,* 105 F.3d 841, 848 (2d Cir.1997) (describing preemption criteria as " 'subject matter requirement' " and " 'general scope requirement' ").

*Wrench,* 1998 WL 480871, at *4.

Taco Bell acknowledges that the Court applied the correct test for preemption and that the Court's conclusion that Plaintiffs' claims fall within the subject matter of copyright was correct. However, Taco Bell contends that the Court erred as a matter of law in holding that the existence of a legal relationship could save Plaintiffs' claims from preemption. Taco bell argues that "[t]he addition of a 'legal relationship' to the equation does not change the fact that both an idea misappropriation claim and a copyright infringement claim center on the allegation of unauthorized use of intellectual property." (Def.'s Br. at 8.)

Taco Bell's argument fails to recognize that a substantial number of courts have held that conversion, misappropriation, and other state law tort claims are not preempted where they require proof of a legal relationship, such as a contractual or fiduciary relationship. *See, e.g., Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 717 (2d Cir.1992) (observing that "many state law rights that can arise in connection with instances of copyright infringement satisfy the extra element test ... includ[ing] unfair competition claims based upon breaches of confidential relationships, breaches of fiduciary duties and trade secrets"); *Data Gen. Corp. v. Grumman Sys. Support Corp.,* 36 F.3d 1147, 1165 (1st Cir.1994) (stating that "a trade secrets claim that requires proof of a breach of a duty of confidentiality ... [is] not preempted because participation in the breach of a duty of confidentiality—an element that forms no part of a copyright infringement claim—represents unfair competitive conduct qualitatively different from mere unauthorized copying"); *Markogianis v. Burger King Corp.,* No. 95 Civ. 4627(JFK), 1997 WL 167113, at *5 (S.D.N.Y. Apr.8, 1997)

(stating that "[u]nder New York Law [sic], ideas can be protected from misappropriation through a breach of implied contract claim if the idea is novel and concrete and the appropriate relationship existed between the parties"). Thus, in *Mayer v. Josiah Wedgwood & Sons, Ltd.,* 601 F.Supp. 1523 (S.D.N.Y. 1985), the court observed that "[i]t is important ... to focus on the facts of each case and the particular rights the plaintiff seeks to protect. Courts have found that state law torts similar to those found in the cases above to be preempted, often even sharing the same names, in fact survive § 301." *Id.* at 1534 (citing numerous cases holding conversion, unfair competition, and misappropriation claims not preempted).

In concluding that Plaintiffs' idea misappropriation claim was not preempted, the Court cited *Kienzle v. Capital Cities/American Broadcasting Co.,* 774 F.Supp. 432 (E.D.Mich.1991) (mem.op.). The *Kienzle* court noted that neither party in that case "cited a single case suggesting that the Michigan Supreme Court would not follow the common law of other states recognizing that a person has a protectable interest in his or her ideas." *Id.* at 436. The Michigan Court of Appeals' decision in *Sarver,* which this Court relied on in concluding "that Michigan law recognizes an action for conversion of an idea if the idea was novel or original and furnished by the plaintiff to the defendant pursuant to a legal relationship," *Wrench,* 1998 WL 480871, at *9, bolsters the *Kienzle* court's conclusion that the Michigan Supreme Court would follow other states in extending protection to ideas in appropriate circumstances. These "thin reeds," as Taco Bell describes *Sarver* and *Kienzle,* do not stand alone in the field. *See, e.g., Reeves v. Alyeska Pipeline Serv. Co.,* 926 P.2d 1130, 1143 (Alaska 1996) (per curiam) (Stating that "[c]ourts consider the elements of novelty or originality necessary for a claim of 'ownership' in an idea or concept" and allowing the plaintiff the opportunity to show disclosure pursuant to an implied-in-fact contract); *Joyce v. General Motors Corp.,* 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 175 (1990) (acknowledging that ideas might be property if "expressed in a legally protected manner" but finding that the plaintiff's ideas were not

expressed in a legally protected manner because they were "neither patented, copyrighted, trademarked nor imparted pursuant to a fiduciary or contractual relationship"); *Hogan v. DC Comics,* No. 96–CV–1749, 1997 WL 570871, at *5 (N.D.N.Y. Sept.9, 1997) (mem.op.) (stating that existence of legal relationship based on express, implied in fact or quasi contract would support idea misappropriation claim under New York law). Taco Bell has presented the same arguments which the Court previously rejected and has not demonstrated a palpable defect in the previous ruling. Therefore, the motion for reconsideration will be denied.

## II. Motion to Strike

■ Taco Bell contends that if the Court permits Plaintiffs' misappropriation and conversion claims to stand, it must strike the allegations in paragraphs 50 and 56 of the First Amended Complaint which allege a legal relationship in the form of a quasi-contract. Plaintiffs amended their conversion and misappropriation claims to allege the existence of a quasi-contract after the Court granted them leave to amend their conversion claim to plead a legal relationship "created by express or implied-in-fact contract, quasi-contract, or fiduciary obligation." *Wrench,* 1998 WL 480871, at *9. Taco Bell contends that allowing Plaintiffs to plead a quasi-contract as a legal relationship is inconsistent with the Court's dismissal of Plaintiffs' unjust enrichment claim because there is no difference between unjust enrichment and a quasi-contract.

■ The Court agrees with Taco Bell that permitting Plaintiffs to establish a legal relationship based upon a quasi-contract produces an anomalous result where Plaintiffs' unjust enrichment claim has been dismissed. In finding Plaintiffs' unjust enrichment claim preempted, the Court stated that the claim was essentially the same as a copyright claim because "Plaintiffs' primary contention [was] that Taco Bell used the ideas from their materials in advertising its products." *Id.* at *5. The legal remedy of a quasi-contract, or an implied-in-law contract, is not different in nature or scope from a claim of unjust enrichment. A quasi-contract is an equitable

remedy imposed to prevent unjust enrichment. "Restitution may be imposed under the equitable theory of implied contract or quasi-contract to prevent the unjust enrichment of one party at the expense of another." *Hofmann v. Auto Club Ins. Ass'n,* 162 Mich. App. 424, 429, 413 N.W.2d 455, 457 (1987) (per curiam); *see also Johnson v. Michigan Mut. Ins. Co.,* 183 Mich.App. 277, 280, 454 N.W.2d 128, 130 (1989) (per curiam) (finding that "[t]he prevention of unjust enrichment would require the imposition of a 'contract-in-law' or quasi-contract)". Because a quasi-contract is not different from an unjust enrichment claim, this Court finds no reason to permit Plaintiffs to avoid preemption of their claims simply by consolidating two preempted claims into one.

The Court acknowledges, as it did in its prior opinion, that several cases applying New York law have held that a legal relationship sufficient to avoid preemption may be based upon a quasi contract. *See Hogan v. DC Comics,* 1997 WL 570871, at *5; *Adsani v. Miller,* No. 94 Civ. 9131, 1996 WL 194326, at *16–17 (S.D.N.Y. Apr.22, 1996). However, both of those cases relied on a prior case, *Vantage Point, Inc. v. Parker Bros., Inc.,* 529 F.Supp. 1204 (E.D.N.Y.1981) (mem.op.), *aff'd,* 697 F.2d 301 (2d Cir.1982), in which the issue of copyright preemption was neither raised by the parties nor addressed by the court. *See Hogan,* 1997 WL 570871, at *5 (citing *Bieda v. J.C. Penney Communications, Inc.,* No. 92 Civ. 5910, 1995 WL 437689, at *7 (S.D.N.Y. July 25, 1995) (citing *McGhan v. Ebersol,* 608 F.Supp. 277, 284 (S.D.N.Y.1985) (citing *Vantage Point* ))); *Adsani,* 1996 WL 194326, at *16 (citing *McGhan* (citing *Vantage Point* )). Although copyright preemption was raised in *Hogan* and *Adsani,* it appears that those courts simply applied the elements of misrepresentation from *Vantage Point* without considering the "marriage" argument presented here.

■ The Court also cited 4 *Nimmer on Copyright* § 16.01 at 16–4 (1992) and *Kienzle v. Capital Cities/American Broadcasting Co.,* 774 F.Supp. 432 (E.D.Mich.1991) (mem. op.), which cited *Nimmer,* as support for its conclusion that a quasi-contract may suffice as the "extra element" required to save a claim from copyright preemption. The cited portion of the Nimmer treatise discusses the elements of a common law claim for misappropriation of ideas without addressing whether such claims alleging a quasi-contract as the basis for a legal relationship are subject to copyright preemption, although copyright preemption is discussed elsewhere in the treatise. Likewise, the court in *Kienzle* simply adopted the elements of an idea misappropriation claim from the Nimmer treatise without determining whether the preemption of an unjust enrichment claim requires preemption of other claims based upon a legal relationship arising out of a quasi-contract. Therefore, because the Court concludes that allowing Plaintiffs to allege a quasi-contract as the legal relationship in their misappropriation and conversion claims is inconsistent with its finding that the unjust enrichment claim is preempted, the Court will strike Plaintiffs' quasi-contract allegations in paragraphs 50 and 56 of the First Amended Complaint.[2]

### Conclusion

For the foregoing reasons, the Court will deny Taco Bell's motion to dismiss/for reconsideration and grant Taco Bell's motion to strike.

An Order consistent with this Opinion will be entered.

---

**2.** The Court's determination with respect to Plaintiffs' quasi-contract allegations do not affect Plaintiffs' implied-in-fact allegations because unlike a quasi-contract, an implied-in-fact contract requires mutual assent and consideration. *See Spruytte v. Department of Corrections,* 82 Mich. App. 145, 147, 266 N.W.2d 482, 483 (1978) (per curiam).